CROOK, Respondent, v. DAVIS, Appellant.

1. A person can not give himself credit as the partner of another by holding himself out to the world as such without the consent, express or implied, of such other person.

*Appeal from Andrew Circuit Court.*

This was an action in the nature of an action of *trespass de bonis asportatis.* The plaintiff alleges that the defendant wrongfully entered the close of plaintiff and took and carried away a large quantity of bricks belonging to plaintiff. The defendant admits the taking of the bricks, but set up that they were sold to him by one McCain, a partner of the plaintiff in their manufacture. Declarations and acts of McCain

were adduced to prove the existence of the alleged partnership. It is deemed unnecessary to set forth the evidence and instructions bearing upon this question.

*Ryland & Son*, for appellant.

I. Though plaintiff and McCain were not partners as between themselves, they were partners as to third persons.

*Hall* and *Loan*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

We are of opinion that this case was fairly put to the jury by the instructions given by the court. The matter of partnership was made to play a more prominent part in the cause than it deserved. McCain could not by his acts, conduct or declarations make himself a partner of the plaintiff without his knowledge and acquiescence. He could not give himself credit as a partner, by holding himself out as such, without the consent, express or implied, of the plaintiff. It is useless to review the instructions separately, as they clearly put the fact of partnership to the jury, which was the only one on which the defendant relied, and which was negatived by them and very properly, if we may judge by the record, as there was little or no evidence in support of it. If the case is as presented by the record, no benefit whatever could result from the granting of a new trial. Affirmed; Judge Richardson concurs. Judge Napton absent.